OPINION
{¶ 1} On May 25, 2003, Fairfield County Sheriff Deputy Mark Hemsworth awakened appellant, Michael Farley, who had been asleep in the back of his van. Upon investigation, Deputy Hemsworth charged appellant with underage consumption in violation of R.C.4301.69, resisting arrest in violation of R.C. 2921.33 and disorderly conduct in violation of R.C. 2917.11.
 {¶ 2} On June 27, 2003, appellant filed a motion to suppress all evidence, claiming the deputy did not have probable cause to stop and arrest him. A hearing was held on January 7, 2004. By journal entry filed January 13, 2004, the trial court denied the motion.
 {¶ 3} On March 1, 2004, appellant pled no contest to the charge of resisting arrest. The remaining charges were dismissed. By journal entry filed April 21, 2004, the trial court found appellant guilty and sentenced him to ninety days in jail, eighty-four suspended, and imposed a $250 fine plus costs.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "The trial court errered (sic) by failing to suppress evidence obtained in violation of appellant's constitutional rights under the fourth and fourteenth amendments of the United States Constitution as well as section 14, Article I of the Ohio constitution."
 I {¶ 6} Appellant claims the trial court erred in denying his motion to suppress. We disagree.
 {¶ 7} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; Statev. Klein (1991), 73 Ohio App.3d 485; State v. Guysinger
(1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v.Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994),95 Ohio App.3d 93; State v. Claytor (1993), 85 Ohio App.3d 623;Guysinger. As the United States Supreme Court held in Ornelasv. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 8} Appellant argues Deputy Hemsworth lacked reasonable articulable facts to stop him and conduct an investigation. At the time of the stop, appellant was asleep in the back of his van. Appellant argues Deputy Hemsworth had no right to knock on the van and seize him.
 {¶ 9} In Terry v. Ohio (1968), 392 U.S. 1, 22, the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to Terry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980),64 Ohio St.2d 291, paragraph one of the syllabus. Probable cause to arrest is not synonymous to probable cause for search. Arrest focuses on the prior actions of the accused. Probable cause exists when a reasonable prudent person would believe that the person arrested had committed a crime. State v. Timson (1974),38 Ohio St.2d 122. A determination of probable cause is made from the totality of the circumstances. Factors to be considered include an officer's observation of some criminal behavior by the defendant, furtive or suspicious behavior, flight, events escalating reasonable suspicion into probable cause, association with criminal and locations. Katz, Ohio Arrest, Search and Seizure (2001 Ed.), 83-88, Sections. 3.12-3.19.
 {¶ 10} Although the trial court did not file specific journalized findings, it did make certain findings at the conclusion of the hearing. In summary, the trial court found the property owner on which appellant's van was parked had put certain stipulations regarding appellant's presence which appellant had violated i.e., "if you're going to be drinking on my property, if you're going to be involved in the fun, uh you need to be separated from your vehicle." T. at 62-63. Deputy Hemsworth knocked on the van and conducted an investigation after hearing from the property owner about the stipulations and the activity occurring in the van. T. at 63-64.
 {¶ 11} The first issue we must address is whether in fact the stop in this case was a Terry stop or a consensual police encounter. A consensual police encounter versus a Terry stop is explained in State v. Taylor (1995), 106 Ohio App.3d 741,747-748, citations omitted, as follows:
 {¶ 12} "The first type is a consensual encounter. Encounters are consensual where the police merely approach a person in a public place, engage the person in conversation, request information, and the person is free not to answer and walk away. * * * The request to examine one's identification does not make an encounter nonconsensual. * * * Nor does the request to search a person's belongings. * * * The Fourth Amendment guarantees are not implicated in such an encounter unless the police officer has by either physical force or show of authority restrained the person's liberty so that a reasonable person would not feel free to decline the officer's requests or otherwise terminate the encounter. * * * Once a person's liberty has been restrained, the encounter loses its consensual nature and falls into one of the next two Supreme Court categories.
 {¶ 13} "* * *
 {¶ 14} "The second type of encounter is a `Terry stop' or an investigatory detention. The investigatory detention is more intrusive than a consensual encounter, but less intrusive than a formal custodial arrest. The investigatory detention is limited in duration and purpose and can only last as long as it takes a police officer to confirm or to dispel his suspicions. * * * A person is seized under this category when, in view of all the circumstances surrounding the incident, by means of physical force or show of authority a reasonable person would have believed that he was not free to leave or is compelled to respond to questions."
 {¶ 15} The property owner called the police and complained of two vehicles speeding up and down a long lane on the property. T. at 9. The property owner asked the officers to inform the individuals in the two vehicles to "either completely leave the premises or come back to the party." T. at 12. Appellant was in his van sleeping and the property owner insisted that the officers wake him and inform him to either return to the party or leave the property. T. at 12-13. Deputy Hemsworth knocked on the van door and woke appellant. T. at 13. Once awakened, Deputy Hemsworth asked appellant for identification whereupon appellant screamed at the deputy and refused to produce identification. T. at 13, 14-15. Thereafter, Deputy Hemsworth asked appellant to exit the vehicle. T. at 15. Appellant eventually exited the vehicle and continued to yell and name-call the deputy which precipitated the arrest for disorderly conduct. T. at 15-16. While Deputy Hemsworth escorted appellant toward the cruiser, appellant kicked at the deputy and jerked away from him, thus the resisting arrest charge. T. at 18, 46.
 {¶ 16} It is clear from the testimony that the officers did not contemplate an arrest but were merely fulfilling the property owner's legitimate request for appellant to vacate the property or return to the party. In addition, decisions by the United States Courts of Appeals have not defined knocking on a vehicle door as an intrusion prohibited by the Fourth Amendment to the United States Constitution. United States v. Jerez (1997),108 F.3d 684; United States v. Cephas (2001), 254 F.3d 488.
 {¶ 17} Upon review, we find the knocking on the van door located on private property at the request of the property owner to be a consensual encounter and was not a violation of theFourth Amendment's prohibition against unlawful search and seizure.
 {¶ 18} The sole assignment of error is denied.
 {¶ 19} The judgment of the Municipal Court of Fairfield County, Ohio is hereby affirmed.
Farmer, J. Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Fairfield Municipal Court of Fairfield County, Ohio is affirmed.